UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE EDEN,

    Plaintiff,

Case No. 2:25-cv-12060

HONORABLE STEPHEN J. MURPHY, III

v.

DUNIGAN, et al.,

    Defendants.

_____/

**OPINION AND ORDER PARTIALLY DISMISSING CASE**

Plaintiff Jesse Eden, currently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The case was transferred from the United States District Court for the Western District of Michigan. *See* ECF No. 4. For the reasons below, the Court will dismiss the Amended Complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**BACKGROUND**

Eden's claims arose during his incarceration at the G. Robert Cotton Correctional (JCF) facility in Jackson, Michigan. ECF No. 4, PageID.54. He sued the following JCF staff:

- Corrections Officer Dunigan
- Corrections Officer Whiting
- Maintenance Supervisor John/Jane Doe
- "Jon Doe #5," identified as the "Officer who handcuffed injured wrist"

1

- "Health Care Personnel," including "Nurse Jane Doe #1."
- "Other Parties to be Determined"
- "Respondent Superior" [sic]

ECF No. 3, PageID.41–42, 45.[1]

Eden alleged that on December 6, 2024, while walking through a hallway, he tripped and fell over a doorstop stuck to the floor, injuring his knee, left elbow, wrist, and arm. *Id.* at PageID.47. Eden asked C.O. Dunigan to go to the medical unit for treatment. Dunigan denied the request and said, "medical don't really care." *Id.* "C.O. Whiting was present and heard Plaintiff ask C.O. Dunigan if he could be seen by medical." *Id.* Eden alleged that he filed medical kites concerning treatment for his injuries and grievances concerning the unsafe conditions that caused him to fall. Eden marked his medical kites as "urgent." *Id.* at PageID.48. One month later, Eden received treatment and was provided with prescription medication. *Id.* at PageID.49. An X-ray revealed disfigurement and nerve damage to his wrist. *Id.* Eden sued Defendants in their individual capacitiesseeking monetary relief. *Id.* at PageID.44. The Court allowed Eden to proceed *in forma pauperis*. ECF No. 7.

## LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines

---

[1] Plaintiff originally filed one civil rights action with claims from three different correctional facilities in Michigan. *See generally* ECF No. 1. The district court severed the cases and ordered Plaintiff to file an amended complaint after determining that the claims were misjoined. *See* ECF No. 4 (discussing history of case). Plaintiff then filed an Amended Complaint naming only the JCF defendants. ECF No. 3.

2

that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). But Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of the rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). Although the notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Id.* Rule 8 thus "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

3

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978).

## DISCUSSION

I. <u>Personal Involvement</u>

First, Eden's claims against Maintenance Supervisor John/Jane Doe, "Jon Doe #5," "Health Care Personnel," "Other Parties to be Determined, and "Respondent Superior" must be dismissed because Eden failed to allege any facts demonstrating their personal involvement. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691–92 (1978) (holding that § 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *see also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995) (holding that § 1983 plaintiffs must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in the alleged misconduct).

Although Eden identified Defendants in the caption of his complaint, he failed to explain their role in the alleged violations in the body of his complaint. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint" is insufficient to satisfy these basic pleading requirements.

4

*Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint in which plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights.").

Here, Eden failed to allege with any degree of specificity how each of these Defendants were personally involved in or responsible for the alleged violations. Because Eden failed to sufficiently allege personal involvement by Maintenance Supervisor John/Jane Doe, "Jon Doe #5," "Health Care Personnel," "Other Parties to be Determined, and "Respondent Superior," the claims against these defendants must be dismissed.

II. <u>Deliberate Indifference to Serious Medical Needs</u>

Next, Eden alleged that Defendants Dunigan and Whiting acted with deliberate indifference to his serious medical needs when he requested medical attention for his injuries and Dunigan denied the request. He further claimed that the Maintenance Supervisor acted with deliberate indifference to his safety.

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97 (1976), that the deliberate indifference to a serious medical need of a prisoner constitutes unnecessary and wanton infliction of pain in violation of the Eighth Amendment. *Id.* at 103. The claim is comprised of an objective and a subjective component. The objective component requires a "'sufficiently serious' medical need." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). That means

5

a need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)).

To satisfy the subjective component, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference "entails something more than mere negligence," but it can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835.

    A.    *Officer Dunigan*

In his complaint, Eden alleged that immediately after his fall, he approached Officer Dunigan and requested to be seen by medical personnel. Dunigan denied the request and stated, "Medical don't really care." ECF No. 3, PageID.47. That same day, Eden completed a medical kite requesting to be seen for his injuries to his elbow, wrist, and knee. He was seen approximately one month later, and an X-ray revealed disfigurement and nerve damage to his wrist. The injury was serious enough to require medication and physical therapy.

The Court finds on initial screening that Eden has sufficiently shown that he suffered an objectively serious medical need. Serious needs include those "so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison*, 539

6

F.3d at 518). Here, Eden alleged that he suffered nerve damage and disfigurement in his wrist from the fall. As a result of the injury, he also required medication and physical therapy. Based on the injury and treatment—not to mention Eden's own request for medical care—the need for medical attention would have been obvious to Officer Dunigan. Eden thus satisfies the objective prong.

The Court also finds that Eden sufficiently alleged facts showing that Officer Dunigan acted with deliberate indifference under the subjective prong. As discussed, Eden's injury to his wrist would have been obvious even to a lay person. And after Eden asked for medical treatment, Officer Dunigan would have known that his refusal to allow Eden to seek immediate treatment could have prolonged or worsened the injury. Accordingly, Eden will be allowed to proceed on his deliberate indifference claims against Defendant Officer Dunigan.

The same logic applies to Officer Whiting. Of course, "mere presence at the scene of a constitutional violation, without a showing of direct responsibility for the action, will not subject an officer to liability." *Fazica v. Jordan*, 926 F.3d 283, 289 (6th Cir. 2019) (citation modified). Here, however, Eden alleged that "C.O. Whiting was present and heard Plaintiff ask C.O. Dunigan if he could be seen by medical." ECF No. 3, PageID.47. Whiting's alleged physical presence, knowledge of the serious medical condition, and decision to do nothing could be enough to subject him to liability. Eden can proceed on his deliberate indifference claim against Whiting.

### B. *Maintenance Supervisor*

Next, Eden claimed that the Maintenance Supervisor exposed him to a dangerous situation by failing to remove the doorstop or warn of its presence. But that is not enough to state a claim.

A prisoner can bring a Section 1983 claim by showing that the prison officials acted with "deliberate indifference" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994). But "[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original); *see also Lewellen v. Metro. Gov't of Nashville & Davidson County,* 34 F.3d 345, 348 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest.").

Likewise, an Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. *See Harrison v. Ash*, 539 F.3d 510, 522 (6th Cir. 2008). "Negligent exposure to a risk is not sufficient to create an Eighth Amendment violation." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 835–36). "[F]ederal courts have nearly unanimously held that a slip and fall, without more, does not amount to cruel and unusual punishment." *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (citation modified).

Eden's claim that he tripped and fell over a doorstop alleges, at most, that the Maintenance Supervisor was negligent in failing to protect him from a hazardous condition. Eden thus does not state a claim for relief under Section 1983. *See White*

*v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 2001) (affirming dismissal of slip and fall claim by prisoner). The Court will therefore dismiss the claim against the Maintenance Supervisor.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the claims against all Defendants, except for Dunigan and Whiting, are **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Dunigan and Whiting survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 22, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 22, 2025, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager

9